IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   05-cv-01735-WDM-MEH

TARICO DEVONTAE ROCKETTE, SR.,

    Applicant,

v.

LARRY REID, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This case is before me on the recommendation of Magistrate Judge Michael E. Hegarty (doc no 32) that Applicant's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (doc no 2) be dismissed with prejudice.  Applicant filed an objection to the recommendation and therefore is entitled to *de novo* review.  28 U.S.C. § 636(b).  For the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation.

Applicant is a state prisoner in Colorado, convicted in 2000 on two counts of aggravated robbery.  Applicant filed his application *pro se*, asserting sixteen claims of error.  I have reviewed the pertinent portions of the record in this case, including the application, Respondents answer, the traverse, the supplemental briefing submitted by Applicant and Respondents, the recommendation, and Applicant's objections.

Magistrate Judge Hegarty recommended that the application be dismissed because

(1) all but Claims 4, 8, and 11 were not exhausted in the state courts and are procedurally barred; (2) Applicant had not shown that failure to reach his claims would result in a miscarriage of justice on the grounds that he is actually innocent; and (3) the state courts did not unreasonably apply clearly established law to Applicant's fourth claim (denial of due process resulting from a photographic lineup identification), eighth claim (request for new counsel), and eleventh claim (failure to strike a potential juror).

Plaintiff filed an objection, but does not address any of the specific grounds upon which Magistrate Judge Hegarty recommends dismissal. Rather, he repeats his request for legal counsel and generally asserts his innocence. Applicant has not shown he is entitled to legal counsel. Moreover, I agree with Magistrate Judge Hegarty that Applicant's proffered new evidence does not demonstrate that Applicant is actually innocent.

Applicant was convicted along with two codefendants of the aggravated robbery of two individuals at a car wash. One of the victims identified Applicant from a photographic array, one of Applicant's codefendants implicated Applicant in the robbery, and Applicant was present at his codefendants' home when the arrest occurred and the victims' possessions were recovered. In this proceeding, Applicant submitted an unsigned, undated typed statement purporting to be from Applicant's other codefendant, Frank Ortiz. In the statement, Mr. Ortiz asserts that Applicant had no involvement in the robbery. He states, "For the record, I would like the courts to know that Mr. Rockette is innocent of all charges. He didn't have any involvement in this case. I am more than willing to testify on his innocence. I wanted to testify on his behalf at his trial but Mr. Rockettes' [sic] lawyer never did contact me or my attorney." As noted by the government, Mr. Ortiz is no longer in custody and faces no additional penalties from his involvement in this case. The record

also contains a signed letter purporting to be from Mr. Ortiz, sent to the Colorado Court of Appeals, in which he takes responsibility for his role in the robbery and denies ever stating that Applicant was involved. This earlier letter does not assert that Applicant had no involvement in the robbery.

As noted by the government and by Magistrate Judge Hegarty, there are serious questions about the reliability of the letter, which is not signed, witnessed, notarized, or otherwise validated. It also differs from the letter written to the Colorado Court of Appeals and its content was never presented to any of the reviewing state courts in Applicant's direct or post-conviction appeals. Applicant presents no reason or explanation for his failure to provide this evidence at an earlier time. Even looking beyond the reliability, the letter does not go far in establishing Applicant's actual innocence. To establish actual innocence, appellants "must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations omitted). In light of the significant evidence supporting Applicant's conviction, the questionable nature of the new evidence procured years after all state proceedings were terminated, and purported unsworn statements of Mr. Ortiz, I cannot conclude that it is more likely than not that no reasonable

juror would have convicted Applicant but for the alleged unexhausted errors he asserts in his application.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Hegarty (doc no. 32) is accepted. This matter is dismissed with prejudice.

DATED at Denver, Colorado, on October 2, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge